# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, LIND, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant BRANDON C. MORROW**
**United States Army, Appellant**

ARMY 20111135

Headquarters, 82d Airborne Division
Reynold P. Masterton, Military Judge
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

27 February 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HAIGHT, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of failure to obey a lawful general regulation, maltreatment of a subordinate (two specifications), and assault consummated by battery (two specifications), in violation of Articles 92, 93, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893, 928 [hereinafter UCMJ].[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for two months, forfeiture of $978.00 pay per month for two months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.[2]

---

[1] The Article 128, UCMJ, offenses of which appellant was convicted were originally charged and referred as Article 120, UCMJ, wrongful sexual contact offenses. Pursuant to his pretrial agreement, appellant pleaded guilty to the lesser-included offenses of assault consummated by battery.

[2] The convening authority deferred automatic and adjudged forfeitures until action.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four assignments of error. One assignment of error warrants discussion and relief, leaving another assignment of error moot. Yet another assignment of error warrants brief discussion but no relief. The remaining assignment of error is without merit.

## DISCUSSION

### *Hazing Offenses*

Appellant was a platoon sergeant. During his time in this position of responsibility, he repeatedly assaulted and hazed his subordinates. For his assaultive behavior of ripping off one particular Private E-2's boxer shorts in front of others during a field exercise at the Joint Readiness Training Center and striking this same soldier on multiple occasions in the testicles, appellant pleaded guilty to, and was convicted of, two batteries. For additional conduct towards this victim of kicking him in the stomach and choking him and for behavior towards another subordinate of stapling that victim in the body, appellant pleaded guilty to and was convicted of regulatory disobedience by "wrongfully hazing" those soldiers as well as two specifications of maltreatment by subjecting those soldiers to "hazing rituals."

The providence inquiry clearly reveals the abusive activities that formed the basis for the Article 92, UCMJ, charge were the same instances of misconduct for which appellant was charged with maltreatment. While discussing the regulatory violation, the military judge repeatedly mentioned that the underlying conduct had already been fully inquired into when they had previously discussed the maltreatment offenses. In short, appellant now stands convicted for the same misconduct of failing to obey Army Regulation 600-20's proscription against "hazing," as well as two counts of maltreating subordinates by subjecting them to "hazing rituals." Army Reg. 600-20, Army Command Policy, para. 4-20 (Hazing) (18 Mar. 2008) (RAR, 27 Apr. 2010)

Appellant, in one assignment of error, claims these specifications are either multiplicious or that Article 93, UCMJ, preempts Article 92, UCMJ, under the facts of this case. In another assignment of error, appellant contends the three specifications are an unreasonable multiplication of charges. Either way, appellant requests the finding of guilty to the Article 92 offense, the Specification of Charge I, be set aside and that specification and charge be dismissed. The government concedes the specifications are facially duplicative and Charge I and its specification should be dismissed.

We agree with appellant that he suffered an unreasonable multiplication of charges. The Article 92, UCMJ, charge sought to punish appellant for violating a general regulation prohibiting the same conduct for which he was also convicted

under Article 93. "Congress never intended this multiplication of offenses." *United States v. Curry*, 28 M.J. 419, 424 (C.M.A 1989). Accordingly, we will dismiss the regulatory disobedience offense as an unreasonable multiplication of charges. *See United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001).

*Sentence Disparity*

Appellant claims his punishment is disproportionately severe when compared to those received by other noncommissioned officers who mistreated the same victims. The government acknowledges these other cases are "closely related" and that appellant's sentence is the only one to include confinement or a punitive discharge. *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). However, the government distinguishes appellant's case and points out appellant was the victims' platoon sergeant whereas the other perpetrators held lesser positions of responsibility. We find this difference to be a "rational basis" for any sentence disparity. *See United States v. Durant*, 55 M.J. 258 (C.A.A.F. 2001). Appellant's repeated crimes were witnessed by subordinate soldiers and were even committed, on occasion, while in unit formation, a formation for which appellant was solely responsible at the time.

**CONCLUSION**

On consideration of the entire record and the assigned errors, the findings of guilty of the Specification of Charge I and Charge I are set aside and that specification and charge are dismissed. We AFFIRM the remaining findings of Guilty.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Second, appellant pleaded guilty in a judge-alone, special court-martial. Third, we find the nature of the remaining offenses captures the gravamen of the original specifications, and the circumstances surrounding appellant's conduct remain admissible with respect to the remaining offenses, including the fact that an Army regulation prohibited the very maltreatment in which he engaged. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the noted error and the entire record, we AFFIRM the approved sentence. We find this reassessed sentence is not only purged

of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Senior Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court